# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES POINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-830 JAR |
| ) | |
| ALLIED BARTON SECURITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court upon the notice of removal filed by plaintiff Charles Pointer, seeking to remove an adjudicated state court appellate action to this Court. This action will be remanded.

In the case at bar, plaintiff cites his state court appellate case as Case No.ED105007, a case that was adjudicated in the Missouri Court of Appeals Eastern District.

### **Factual Background**

Review of the casefile submitted by plaintiff shows that from approximately December of 2007 until May of 2016, plaintiff worked for Allied Barton Security. His employment was terminated on or about May 29, 2016. Plaintiff thereafter filed for unemployment benefits with the Missouri Department of Labor and Industrial Relations, Division of Employment Security. Allied stated that plaintiff had been terminated "for cause," and that he wasn't entitled to unemployment benefits, and plaintiff requested a finding from a deputy hearing officer. On July 1, 2016, a hearing officer determined plaintiff had been fired "for cause" and notified plaintiff of

his decision not to award benefits. Plaintiff was also notified of his right to appeal the decision by contacting the Appeals Tribunal no later than August 1, 2016.

Plaintiff appealed the denial by the deputy hearing officer in a timely fashion, and the Appeals Tribunal reviewed plaintiff's case. A telephone hearing was held in plaintiff's case on August 9, 2016, and again, the hearing officer found for plaintiff's employer, Allied Barton. Plaintiff was told that if he disagreed with the findings of the Tribunal, he could appeal by filing an application for review to the Labor and Industrial Relations Commission within thirty (30) days. Plaintiff did so.[1] The Commission affirmed the decision of the Tribunal on September 27, 2016. Plaintiff was informed that he could appeal the decision of the Commission to the Missouri Court of Appeals, pursuant to Missouri Revised Statute § 288.210. The letter from the Commission stated that plaintiff's notice of appeal would be due to the Missouri Court of Appeals within twenty (20) days after the Commission's decision became final. See Mo.Rev.Stat. § 288.210. The Commission's decision became final, as noted in the determination, ten days after the date of mailing on September 27, 2016. Accordingly, plaintiff's notice of appeal was due to the Court of Appeals on October 27, 2016.

Plaintiff filed his notice of appeal with the Missouri Court of Appeals on November 2, 2016. The Court of Appeals show caused plaintiff as to why his appeal should not be dismissed as untimely, noting that because it was a statutory proceeding, there was no provision for late notices of appeal. *See Dunlap v. Division of Employment Sec.*, 353 S.W.3d 710, 711

---

[1] On July 21, 2016, plaintiff filed a lawsuit in this Court against Allied Barton Security pursuant to Title VII, 42 U.S.C. §§ 2000e, *et seq.*, as well as the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, for discrimination based on his race, gender, age, and disability. *See Pointer v. Allied Barton Security*, Case No. 4:16CV1207 AGF (E.D.Mo.). Plaintiff and defendant consented to a dismissal of the action on September 8, 2016.

2

(Mo.App.E.D. 2011). Plaintiff argued for cause but was denied, as was his motion for reconsideration. Plaintiff's appeal was dismissed on January 23, 2017. Plaintiff's request for rehearing or transfer to the Supreme Court was denied on February 16, 2017.

Plaintiff now seeks to "remove" his closed Missouri Appellate Court case to this Court, alleging that the Missouri State Court rules failing to allow statutory cases, like appeals in unemployment actions, to file late notices of appeal, are discriminatory. He believes he should be able to file a removal of his action to this Court because his case is a "civil one" that "arises under "an Act of Congress regulating interstate commerce."

**Discussion**

Despite the aforementioned conclusory claims, plaintiff has not identified a statutory basis for removal in this Court. In fact, plaintiff cannot do so, because 28 U.S.C. § 1445 specifically sets forth specific types of civil actions that are non-removable. Workmen's Compensation claims are one of the claims mentioned in the statute.

§ 1445 Non Removable Actions

(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal is not permitted in this case. *See also* Missouri's Workers' Compensation Law provides the exclusive remedy for injuries "arising out of and in the course of the employee's employment." Mo.Rev.Stat. § 287.120.1.

The Court therefore summarily remands this closed matter to the Missouri Court of Appeals.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Docket No. #2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Missouri Court of Appeals Eastern District.

Dated this 10th day of March, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE